The plaintiff claimed under the following bequest in the will (189) of Caleb Webb, deceased: "And to my eldest daughter, Betsy, I will and bequeath forever to her and her heirs, one negro woman, Dice, one horse beast, one cow and calf, one bedstead and furniture for the same, the first born of Dice that is living hereafter to fall to Martha Tennesson, three sheep and one saddle to Betsey." It was alleged by the plaintiff that the slave Joe, for the conversion of whom this suit was brought, was the first born of Dice, as described in the will. There was testimony showing that there were other children born of Dice before Joe, but whether they were born before or after the date of the will did not appear. *Page 150 
His Honor instructed the jury that the will of the testator did not take effect until his death, and that no child of Dice born alive during the life of the testator would satisfy the bequest; but if they believed that Joe was the first born of Dice, after the death of the testator, the plaintiff would be entitled to recover. The jury returned a verdict for the defendant, and the plaintiff moved for a new trial upon the ground that the judge ought to have charged the jury that the plaintiff was entitled to recover if Joe were the first born of Dice after the date of the will, though he were born in the testator's lifetime. The motion was overruled and the plaintiff appealed.
It seems to us that the intention of the testator was to give to Martha Tennesson the first child that should be born alive of the body of Dice, after the time he was speaking, to wit: after the date of his will. The first child born alive of Dice, after the date of the will, would be a specific legacy, and if that child died in the lifetime of the testator it would be the legatee's misfortune. But, on the contrary, if Joe was the first child born of Dice after the date of the will the plaintiff would be entitled to recover his value, whether he was born before or after the death of the testator. We think the judge erred when he said that no child of Dice born alive during the life of the testator would satisfy the bequest.
(190) The judgment must be reversed and a new trial granted.
PER CURIAM. Judgment reversed.
Cited: Tayloe v. Bond, 45 N.C. 19; Carroll v. Hancock, 48 N.C. 473.